*Quarshie v. Garland*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand twenty-two.

Present:

> REENA RAGGI,
> RICHARD C. WESLEY
> WILLIAM J. NARDINI
> *Circuit Judges.*

---

RITA MANSAH QUARSHIE,
> *Petitioner*,

v.                                                                              19-2519-ag

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

---

For Petitioner:              EDWARD J. CUCCIA, Edward J. Cuccia, PC, New York, NY

For Respondent:              MADELINE HENLEY, Trial Attorney (Leslie McKay, Senior Litigation Counsel, *on the brief*), *for* Joseph H. Hunt, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC

1

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Rita Mansah Quarshie, a native and citizen of Ghana, seeks review of a July 18, 2019, decision of the BIA affirming a January 18, 2018, decision of an Immigration Judge ("IJ") denying withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Rita Mansah Quarshie,* No. A 096 569 930 (B.I.A. July 18, 2019), *aff'g* No. A 096 569 930 (Immigr. Ct. N.Y.C. Jan. 18, 2018). We assume the parties' familiarity with the case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Quarshie challenges only the agency's determination that she was competent during her removal proceedings. We review factual findings for substantial evidence and questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). Accordingly, we review the agency's factual determination of competency for substantial evidence. *See Diop v. Lynch*, 807 F.3d 70, 75 (4th Cir. 2015); *see also, e.g.*, *Moscoso-Mancia v. Garland*, No. 20-3839, 2022 WL 2840030, at *1 (2d Cir. July 21, 2022) (citing *Diop v. Lynch*, 807 F.3d at 75).

"[A]n alien is presumed to be competent to participate in removal proceedings," and, "[a]bsent indicia of mental incompetency, an [IJ] is under no obligation to analyze an alien's competency." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477 (B.I.A. 2011). "[T]he test for determining whether an alien is competent to participate in immigration proceedings is whether he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to

2

examine and present evidence and cross-examine witnesses." *Id.* at 479.

"When there are indicia of incompetency, an [IJ] must take measures to determine whether a respondent is competent to participate in proceedings." *Id.* at 480. The IJ may ask questions regarding "the nature of the proceedings, . . . the respondent's state of mind[, and] . . . whether he or she currently takes or has taken medication to treat a mental illness"; or the IJ may continue proceedings to allow for further evaluation. *Id.* at 480-81. "The [IJ] must weigh the results from the measures taken and determine . . . whether the respondent is sufficiently competent to proceed with the hearing without safeguards." *Id.* at 481. "[A]ppropriate safeguards include, but are not limited to, . . . identification and appearance of a family member or close friend who can assist the respondent and provide the court with information; . . . legal representation . . . ; continuance of the case for good cause shown; . . . waiving the respondent's appearance; [and] actively aiding in the development of the record . . . ." *Id.* at 483.

The IJ conducted a sufficient inquiry into Quarshie's competency, and Quarshie had the safeguard of counsel. Although the IJ did not conduct a separate competency hearing, the IJ conducted an inquiry at the beginning of the 2018 merits hearing, which was the first time Quarshie's counsel raised the issue of her competence. The IJ confirmed that Quarshie was not taking any medications that would affect her ability to testify. The IJ also asked a series of questions to confirm that Quarshie understood why she was present at the hearing, that the hearing was for her asylum case, that she knew who the government attorney was, and that the IJ was present to make a determination in the case. Quarshie was able to identify her attorney, and she responded affirmatively when asked if she had discussed her case with her attorney and cooperated with her attorney to prepare her case. After these questions, the IJ allowed Quarshie's counsel to

3

begin direct examination.

Though Quarshie argues that the IJ's questions were insufficient to determine competency, the record as a whole reflects Quarshie's competency because, *inter alia,* she was responsive to questions on direct and cross-examination. The record also reflects that sufficient safeguards were in place because the IJ allowed Quarshie to take a moment when she became emotional. Quarshie argues that the IJ impermissibly used leading questions, which Federal Rule of Evidence 611(c) discourages on direct examination. The factual premise of this argument is flawed because a review of the transcript shows that the IJ did not use leading questions, which are questions that suggest a particular answer. The IJ's questions were clear and direct, sometimes requiring a yes-or-no answer, but they in no way steered Quarshie to certain responses. In any event, this argument fails because the Federal Rules of Evidence apply only to specified proceedings in federal courts, Fed. R. Evid. 1101(a), not to immigration proceedings before an agency, *Matter of D-R-*, 25 I. & N. Dec. 445, 458 (B.I.A 2011); *see also Zhen Nan Lin v. U.S. Dep't of Just.*, 459 F.3d 255, 268 (2d Cir. 2006). And even under Rule 611(c), leading questions are not categorically banned on direct examination; they are merely disfavored, subject to sensible regulation by the presiding judge "as necessary to develop the witness's testimony." Fed. R. Evid. 611(c). An IJ has broad discretion to frame questions, and *Matter of M–A–M–* does not require a particular style of questioning in a competency determination. *Cf.* 25 I. & N. Dec. at 480 ("[A]n Immigration Judge may modify the questions posed to the respondent to make them very simple and direct.").

Finally, the IJ did not err in declining to credit the psychological report as evidence that Quarshie was incompetent to proceed. "[T]he test for determining whether an alien is competent to participate in immigration proceedings is whether he or she has a rational and

4

factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Matter of M–A–M–*, 25 I. & N. Dec. at 479. Based on the IJ's questioning and Quarshie's ability to testify throughout the hearing, the IJ reasonably determined that she satisfied this test. The report provides a diagnosis of post-traumatic stress disorder and states that Quarshie suffers from flashbacks and nightmares, but it does not conclude that she had problems with her memory or would otherwise fail the standard for competency set forth above. Moreover, Quarshie's counsel did not offer the report as evidence of her incompetence but, rather, in support of Quarshie's merits argument. Although Quarshie asserted that proceedings should have been continued to allow the psychologist to testify, the evidence of competence weighed against a continuance, and she does not address the BIA's determination that the circumstances did not warrant a continuance, nor has she explained why the psychologist was not available to testify at the hearing.

\* \* \*

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5